IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 04 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00676-BNB

LARRY D. BROWN-BEY,

    Plaintiff,

v.

SARAH REVEIL (Warden), and
BUREAU OF PRISONS,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Larry D. Brown-Bey, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary at Florence, Colorado. Mr. Brown-Bey has filed *pro se* a Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). As relief he requests his immediate release or, in the alternative, monetary damages.

    The court must construe the complaint liberally because Mr. Brown-Bey is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brown-Bey will be ordered to file an amended complaint.

    Mr. Brown-Bey alleges in the complaint that he has been threatened and assaulted by other inmates at several federal prisons because of the nature of the crime for which he was convicted. He further alleges that the BOP is unable to provide

adequate protection for him at any United States Penitentiary. Mr. Brown-Bey states in a letter to the court filed on April 25, 2008, that he has been approved for a transfer to a new prison.

The court has reviewed the complaint filed by Mr. Brown-Bey and finds that it is deficient. The Court notes initially that Mr. Brown-Bey's request for his immediate release is not appropriate because Mr. Brown-Bey is challenging the conditions of his confinement and is not raising habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). However, a prisoner's challenge to the conditions of his confinement generally is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

The only other relief Mr. Brown-Bey seeks in this action is an award of damages. However, he may not seek an award of damages from the BOP in this *Bivens* action. "A *Bivens* action seeks to impose personal liability and damages on a federal official for the violation of a constitutional right." *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987). The BOP, which is a federal agency and not a federal official, is protected by sovereign immunity. *See id.*

The other defendant named by Mr. Brown-Bey in this action, Warden Sarah Reveil, is a federal official. However, Mr. Brown-Bey fails to allege specific facts to demonstrate that Defendant Reveil personally participated in the alleged violation of his rights. Personal participation is an essential allegation in a civil rights action. *See*

***Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Brown-Bey must show that Defendant Reveil caused the deprivation of a federal right. *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant Reveil's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendant Reveil may not be held liable on a theory of respondeat superior. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

For these reasons, Mr. Brown-Bey will be ordered to file an amended complaint. Mr. Brown-Bey is reminded that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Brown-Bey file **within thirty (30) days from the date of this order** an original and sufficient copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Brown-Bey, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Brown-Bey fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED June 4, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00676-BNB

Larry D. Brown-Bey
Reg. No. 10030-007
USP- Big Sandy
PO Box 2068
Inez, KY 41224

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 6\4\08

GREGORY C. LANGHAM, CLERK

By: _Angie_
    Deputy Clerk